UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDDY NAVARRO,

        Petitioner,

vs.                                  Case No. 2:11-cv-406-FtM-29SPC

WALTER A. MCNEIL and FLORIDA ATTORNEY GENERAL,

        Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Freddy Navarro initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 25, 2011 (Doc. #1, Petition).[1] Respondents[2] filed a response

---

[1] The Petition (Doc. #1) was filed in this Court on June 1, 2011, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

[2] Petitioner names the Florida Attorney General, and Secretary Department of Corrections as Respondents. Petition at 1. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The
(continued...)

to the Petition, moving to dismiss the Petition as time barred (Response, Doc. #17). Respondent submitted exhibits in support of his Response (Exhs. 1A through 3F). See Appendix to Exhibits (Doc. #18). Petitioner filed a Reply (Doc. #21, Reply). For the reasons discussed herein, the Court finds the Petition is time-barred and subject to dismissal with prejudice.

The Petition attacks Petitioner's January 18, 2005 plea-based conviction for trafficking in cocaine entered by the Twentieth Judicial Circuit, Collier County, Florida (State Circuit Case No. 03-00253-CFA) for which Petitioner remains incarcerated.[3] Petitioner did not pursue a direct appeal. Petition at 2, 5; Response at 2. Because Petitioner did not file a direct appeal, his judgment became final 30 days later, when his time expired to file a direct appeal, or on **February 17, 2005**. See Pugh v. Smith,

---

[2](...continued)
Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." Id. at 436 (citations to other authorities omitted). Alternatively, the chief officer in charge of the state penal institution is also recognized as the proper named respondent. Rule 2(a), Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945). In Florida, the proper Respondent in this action is the Secretary of the Florida Department of Corrections. Thus, the Florida Attorney General will be dismissed from this action.

[3]On January 18, 2005, Petitioner was sentenced to 14 years in the Department of Corrections. Petition at 1.

465 F.3d 1295, 1299-1300 (11th Cir. 2006)(recognizing a petitioner does not receive the benefit of the 90-day grace period to file a writ of certiorari to the U.S. Supreme Court when the petitioner did not pursue an appeal to the state court of last resort); 28 U.S.C. § 2244(d)(stating the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review.") In Florida, a notice of appeal must be filed within 30 days after the entry of the decision or judgment at issue. Fla. R. App. P. 9.140(b)(2); McGee v. State, 684 So. 2d 241 (Fla. 2d DCA 1996).

The date Petitioner's conviction and sentence became final was after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act.[4] Thus, Petitioner's one-year time

---

[4]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(continued...)

period for filing a timely federal habeas challenging his conviction expired on **February 17, 2006**. See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citations omitted)(recognizing that limitations period should be calculated using the anniversary date of the triggering event). Consequently, the Petition filed in this Court **on May 25, 2011** is untimely unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period, 28 U.S.C. § 2244(d)(2), or is subject to equitable tolling.

Here, Petitioner permitted 487 days of untolled time to elapse before he filed his first motion for post-conviction relief, a motion pursuant to Florida Rule of Criminal Procedure 3.850 ("Rule

---

<sup>4</sup>(...continued)
      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3.850 Motion"), on June 19, 2006. Exh. F, Vol. I at 2, 4. Thus, Petitioner filed his first Rule 3.850 Motion <u>after</u> the federal one-year limitations period had expired. "Once the AEDPA's limitations period expires, it cannot be reinitiated." <u>Davis v. McDonough</u>, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing <u>Tinker v. Moore</u>, 255 F.3d 1331, 1333-34 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1144 (2002)). Consequently, Petitioner's first Rule 3.850 Motion "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2001). Thus, the instant Petition is time-barred.

The federal limitations period may also be equitably tolled. Equitable tolling applies if Petitioner can demonstrate that: (1) he was pursuing is rights diligently, and (2) an extraordinary circumstances beyond his control prevented his filing. <u>Holland v. Florida</u>, ___ U.S. ___, 130 S. Ct. 2549, 2560, 2562 (2010); <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>see also</u> <u>Johnson v. United States</u>, 340 F.3d 1219, 1266 (11th Cir. 2003), <u>aff'd</u>, 544 U.S. 295 (2005). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." <u>Holland</u>, 130 S. Ct. at 2565. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing

of the petition." San Martin v. McNeil, 633 F.3d. 1257, 1267 (11th Cir. 2011). The petitioner bears the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). The Eleventh Circuit has emphasized that equitable tolling is used "is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004)(finding "rare circumstances" merit a finding of equitable tolling). This high hurdle is not surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006).

Petitioner concedes that the Petition is untimely. Reply at 5. Petitioner does not argue that he is entitled to equitable tolling, nor does he set forth sufficient grounds to support equitable tolling. In his Reply, Petitioner alleges in conclusory language that his claims for relief set forth in his Rule 3.850 motion were based on "newly discovered evidence." Petitioner explains that he filed his first motion for post-conviction relief after he learned that the State dropped the charges against his co-defendant because his co-defendant arranged a deal to become an informant for the DEA. Reply at 4; Petition at 13. Thus, Petitioner's "newly discovered evidence" appears to consist of the news that his co-defendant's State charges were dropped. The

record from the post-conviction court's evidentiary hearing on Petitioner's Rule 3.850 motion shows that the charges against Petitioner's co-defendant in a related State proceeding were dismissed; however, the State court dismissed the charges against the co-defendant because he was a federal detainee who had not been brought to court within six months. Exh. F, Vol. II at 107. The record further shows that the co-defendant made a deal with regard to the <u>federal</u> charges, not his State charges. <u>Id.</u> Thus, the record shows that Petitioner's purported "newly discovered evidence" is not factually accurate. With the exception of Petitioner's purported newly discovered evidence, all of the claims Petitioner raises in the Petition *sub judice* were issues Petitioner was aware of before he entered his *nolo contendere* plea. Consequently, the Court finds that Petitioner does not show diligence or extraordinary and unavoidable circumstances to warrant the application of the equitable tolling doctrine.

In the alternative, Petitioner claims that "he can show color of actual innocence[] of the charges." Reply at 1. Thus, it appears Petitioner wishes to raise an actual innocence claim. However, Petitioner attempts to assert claims of ineffective assistance of counsel and trial court error claims under the guise of actual innocence. For example, Petitioner argues that defense counsel rendered ineffective assistance for failing to file a motion to suppress the evidence obtained from his traffic stop.

Petitioner misconstrues the purpose of a federal writ of habeas corpus. "The function of federal habeas corpus is to redress constitutional errors, not relitigate state criminal cases." Mize v. Hall, 532 F.3d 1184, 1185 (11th Cir. 2008). Absent a constitutional violation in the underlying criminal case, a claim of actual innocence is not a free standing claim. Id. Instead it is used only as avenue to "excuse procedural default of an independent constitutional claim." Id. The Eleventh Circuit has never held that there is an "actual innocence exception to the AEDPA's one-year statute of limitations." Rich v. Dep't of Corr., 2008 WL 4183930 *1 (11th Cir. 2008); Taylor v. Sec'y, Dep't of Corr., 230 F. App'x 944, 945 (11th Cir. 2007).

Nonetheless, even if the Court were to consider Petitioner's actual innocence claim, he falls far short of demonstrating a colorable actual innocence claim. The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Thus, to meet the actual innocence standard, a habeas petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (internal quotation marks and citation omitted). Actual innocence claims must also be supported "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not

-8-

presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Here, Petitioner's claim of actual innocence is merely a challenge to the sufficiency of the evidence. Petitioner does present new reliable evidence that shows "it is more likely than not than no reasonable juror would have convicted him." Schlup, 513 U.S. at 327-328. In particular, during the evidentiary hearing on Petitioner's Rule 3.850 Motion, defense counsel testified that Petitioner had provided law enforcement two separate confessions to two different officers after being read his Miranda rights. Exh. F, Vol. II at 113-115.

Based on the foregoing, the Court does not find Petitioner has demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1. The Florida Attorney General will be dismissed from this action as a named Respondent.

2. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED with prejudice** as time-barred.

3. Petitioner's "motion for rehearing" (Doc. #25) of Court's April 13, 2012 Order is **DENIED.**

4. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of June, 2012.

JOHN E. STEELE
United States District Judge

SA: alj

Copies: All Parties of Record